# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN W. SWEENEY,**

        **Petitioner,**

        v.                              Case No. 09-C-476

**BYRAN BARTOW,**
**Sued as Byron Bartow,**

        **Respondent.**

## RECOMMENDATION THAT THE PETITION BE DISMISSED

      John W. Sweeney ("Sweeney") is in custody pursuant to Chapter 980 of the Wisconsin Statutes. Proceeding pro se he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitions filed under § 2241 are not subject to the screening that § 2254 petitions are subject to. See Rule Four of the Rules Governing Section 2254 Cases. Rather, the court must either grant the writ or order the respondent to answer the petition "unless it appears from the application that the application or person detained is not entitled thereto." 28 U.S.C. § 2243. This case has been randomly assigned to this court, but the petitioner has not consented to the exercise of full jurisdiction by a magistrate judge.

      Sweeney was convicted of third degree sexual assault in December of 1995. He was sentenced to prison and completed his sentence on November 3, 2007. On October 29, 2007, the state filed a petition in Racine County Circuit Court seeking to detain Sweeney as a sexually violent person. Racine County Circuit Court Case No. 2007CI03, available at http://wcca.wicourts.gov. On January 17, 2008 the circuit court found probable cause to detain Sweeney and to conduct an

evaluation. On July 24, 2009, Sweeney's attorney filed a motion to adjourn the previously scheduled jury trial due to Sweeney's health concerns. A status conference was scheduled for January 8, 2010. This case remains pending in Racine County Circuit Court.

There appear to have been three separate appeals filed related to this pending action. The first, 2009AP002086, was withdrawn on October 7, 2008. The second, 2009AP000741, was dismissed May 21, 2009 for lack for jurisdiction. The most recent, 2009AP002086, was filed on July 28, 2009 and remains pending.

In his petition, Sweeney presents four grounds for relief but all focus upon essentially a single argument: he cannot be held in custody because when he pled guilty to third degree sexual assault, a conviction for third degree sexual assault could not form the basis for the a Chapter 980 commitment. The legislature subsequently amended Chapter 980 long after his conviction to permit convictions for third degree sexual assault to form the basis for a Chapter 980 commitment as a sexually violent person.

On May 27, 2009, Sweeney filed a motion to stay his petition because "[s]ome 'Newly Discovered Evidence' has come to light and I want the lower court to have the opportunity to make a decision, hopefully to spare this Honorable Court the time of hearing this entire case." (Docket No. 4.) Thus, Sweeney filed a motion to dismiss in the circuit court. The court's review of the circuit court docket in this case indicates that on August 18, 2009, the court denied this motion.

Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3), "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973))); see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971)) ("While these

applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); Farrior v. Clark, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

Blanck, 48 F. Supp. 2d at 860 (citing United States v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting Braden, 410 U.S. at 489).

In the present case, Sweeney's pleadings make clear that he has not yet exhausted his state court remedies as to his claims. Further, Sweeney has failed to demonstrate that his claims present a special circumstance to warrant the extraordinary remedy of pretrial federal habeas relief. Sweeney has the opportunity to present his arguments to the circuit court, the court of appeals, and the Wisconsin Supreme Court. Only then, upon exhausting his state court remedies, may he turn to federal court with a petition for a writ of habeas corpus.

Therefore, because it is plainly apparent from the petition that Sweeney is not entitled to federal habeas relief due to the fact he has failed to exhaust his state court remedies and does not present an extraordinary circumstance to warrant the pretrial intervention of this court, Sweeney's petition should be dismissed.

> Finally, in his cover letter submitted with his petition Sweeney states
>
> I have no access to Federal 2d or 3d Reporter Case Law, and also Federal Supplement Case Law, the computers here do not have this available. I would like to get a lawyer who is versed in Federal Law to represent me to make sure my rights are not violated. Can I get a lawyer appointed to represent me in this action?

(Docket No. 1-2.)

To the extent that this request might be construed as a motion for the appointment of counsel the court shall deny this request. Sweeney has failed to demonstrate that he cannot obtain an

attorney on his own. Further, in light of this court's conclusion that Sweeney's petition should be dismissed, Sweeney has failed to demonstrate that he cannot obtain justice absent an attorney and that he has a reasonable chance of success should an attorney be appointed. See Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997).

**IT IS THEREFORE ORDERED** that Sweeney's motion to stay, (Docket No. 4), is **denied**.

**IT IS FURTHER ORDERED** that Sweeney's motion for the appointment of an attorney, (Docket No. 1-2), is **denied**.

**IT IS FURTHER RECOMMENDED** that the petition be **denied** and this case **dismissed**. The Clerk of Court shall reassign this case to a district judge.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>1st</u> day of September, 2009.

s/<u>AARON E. GOODSTEIN</u><br>
U.S. Magistrate Judge